52 F.3d 787
 32 Fed.R.Serv.3d 344, 27 Bankr.Ct.Dec. 166
 In re LULL CORPORATION; Erickson Corporation, Debtors,
Phillip BOHL, Trustee for the bankrupt estate of Lull
Corporation, Plaintiff-Appellee,
v.
STAMATAKIS INDUSTRIES, INC., Defendant-Appellant,
United Five Star Capital Corporation; Lull Engineering
Company, Inc.; J.A. Olson Co.; John Alexander Leasing Co.,
Inc.; Construction Machinery Company; Arizona Forklift
Center, Inc.; Alex Stamatakis, Defendants.
 No. 94-2860.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Feb. 13, 1995.
Decided April 25, 1995.
 
 David Stetler, Chicago, IL, argued (Norman H. Nachman and Jonathan M. Cyrluk, on the brief), for appellant.
 William Fisher, Minneapolis, MN, argued (Michael C. Flom, on the brief), for appellee.
 Before FAGG, LOKEN, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Stamatakis Industries, Inc. (SII) appeals the grant of summary judgment to the trustee in bankruptcy for Lull Corporation on counts I and II of the trustee's eight-count complaint against SII. The district court directed entry of a final judgment on counts I and II under Federal Rule of Civil Procedure 54(b), allowing this immediate appeal. Because we conclude the entry of judgment under Rule 54(b) was improper, we dismiss the appeal for lack of appellate jurisdiction.
 
 
 2
 This case began when Lull's bankruptcy trustee filed its complaint against SII in the bankruptcy court. Counts I and II of the complaint sought $4.4 million SII allegedly owed Lull on an intercompany account. SII asserted setoff as an affirmative defense to counts I and II, contending SII had made a prebankruptcy guarantee of Lull's debts to Continental Bank and was entitled to set off any payments SII made on the guarantee. The trustee moved for summary judgment on counts I and II, arguing SII's setoff rights were not ripe because SII had not made any payments on the guarantee. The bankruptcy court agreed and entered an order granting the trustee's motion. SII moved for reconsideration, asserting the bankruptcy court lacked jurisdiction because counts I and II were non-core bankruptcy proceedings, and asserting that SII's setoff rights had ripened based on payments SII made on the guarantee after the trustee filed its summary judgment motion. The bankruptcy court then realized it did not have jurisdiction to decide counts I and II, and entered an order recharacterizing its earlier order as a report and recommendation to the district court. The bankruptcy court declined to address SII's ripened setoff defense and recommended entry of a Rule 54(b) judgment on counts I and II. The district court adopted the bankruptcy court's report and recommendation and directed entry of a final judgment on counts I and II under Rule 54(b).
 
 
 3
 Under Rule 54(b), a district court has discretion to enter a final judgment on fewer than all claims in a multiple-claim lawsuit if the court determines there is no just reason for delay in entering the judgment. Rule 54(b) does not change the normal rules of finality for individual claims, however, and a district court may not enter a Rule 54(b) judgment on a claim until the court has finally disposed of that claim. Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 7, 100 S.Ct. 1460, 1464, 64 L.Ed.2d 1 (1980). SII contends the district court did not finally dispose of counts I and II, and entry of a Rule 54(b) judgment was improper. We agree. Under general summary judgment principles, the district court could not dispose of counts I and II by granting summary judgment to the trustee unless every one of SII's defenses to counts I and II was legally insufficient. See 10A Charles A. Wright et al., Federal Practice and Procedure Sec. 2734, at 404-05 (2d ed. 1983). Because the district court did not rule on the legal sufficiency of SII's ripened setoff defense, the court did not finally dispose of counts I and II, and entry of a Rule 54(b) judgment was improper. We reject the trustee's argument that, under the Supreme Court's opinion in Curtiss-Wright, the district court was not required to address the setoff issue before entering a Rule 54(b) judgment. Unlike the situation in Curtiss-Wright, SII has not merely asserted a counterclaim that might result in a setoff sometime in the future, but has asserted setoff as a fully ripened affirmative defense to counts I and II.
 
 
 4
 Having determined entry of a Rule 54(b) judgment was improper, we dismiss this appeal for lack of appellate jurisdiction.